The following was this Court’s opinion.
The Court, (not deciding whether.a Deed of emancipation of slaves, of which another holds adverse possession at the time, is competent to confer a right to freedom,) is of opinion, that the admitted possession by John Reynolds, under whom the appellant claims, of the appellee and the other slaves in the first Bill of exceptions mentioned, being more than five years before the al-ledged Deed of Emancipation was executed, the appellant had a right to prove that such possession was adverse to Thomas Reynolds, the former owner of said slaves, either by the acknowledgment of said Thomas, that such possession was adverse, (as that they were held by said John as a purchaser from him, or otherwise by adverse claim,) or by any other evidence proving the adversary nature of such possession ; and that it should have been left to the Jury to decide whether such declarations were made before or after execution of the said Deed; with directions that any such declaration made thereafter should be rejected by them.
The Court is also of opinion, that a bill of sale of personal property, (not being necessary to pass the title,) need not be shewn in evidence by persons claiming under the grantee, in a controversy between them and the grantor, or those claiming under him ; but that *the former may prove, by any other legal evidence, a title in the person under whom they claim; and that such grantee or his representatives may prove their title by other evidence than the Bill of Sale, unless it is alledged that such Bill of sale contains other matter than the mere transfer of the property, (and of which the grantor, or those claiming under him, might avail themselves,) and notice be given to produce it; but in neither case can the substance or contents of the Bill of Sale be given in evidence without due affidavit by the party, or other satisfactory proof of it’s loss, or that it is not in the power of the party so offering the evidence. The Court erred therefore in rejecting the evidence of the declarations of Thomas Reynolds, and the other evidence offered to prove a sale by him; and also in rejecting the evidence of the witness Hancock, so far as it tended to prove an adversary possession in the said Jonn Reynolds; but that the same ought not to have been relied upon as tending to prove the contents of the Bill of Sale, in the absence of sufficient proof that the same was not then in the possession or power of the party.
The Court is farther of opinion that the alledged deed of emancipation, (made part of the record in this Bill of exceptions,) not being acknowledged or proved in the Court of the County or Corporation, as the law directs, was not so authenticated as to make it evidence in the trial, nor ought to be received as such evidence until it shall be proved or acknowledged before the proper Court.
The Court is also of opinion, that there was no error in rejecting the evidence mentioned in the third Bill of Exceptions; and that, as the instruction contained in the fourth Bill of Exceptions was predicated on the rejection of the evidence mentioned in the first, the same was erroneous; — that there was also no error in refusing to give the last instruction asked for and stated in the said fourth bill of exceptions; but, instead of leaving the matter thereof to the Jury, they ought to have been instructed, that, if the possession of John was adverse to that of Thomas, and so continued for five years before the ^execution of the deed of emancipation, such possession as effectually prevented the operation of that Deed, as the change of property by alienation.
*687 With respect to the deposition mentioned in the second bill of exceptions, a majority of the Court is of opinion that, as it sufficiently appears to have been taken under a Commission, and upon notice, and as the same is not shewn to have been erased or altered, and as, for aught appearing by the Clerk’s endorsement, it may have been returned open by the magistrates themselves, it would be too strict to reject it as evidence at the trial; and that there is error in the judgment of the Court in this particular.
The judgment is to be reversed, and the cause remanded, with directions to the Court to admit the evidence, so improperly rejected, if again offered.
BILLS OF SALE.
I.Considered Generally.
A. Possession Remaining- with. Vendor.
1. General Rule.
2. Rule Illustrated.
B. Chattel in Possession of Third Person,
C. Vendor Retaining Title.
D. When Treated as a Mortgage.
II.Recordation.
III.Evidence.
Cross References to Monographic Notes.
Fraudulent and Voluntary Conveyances, appended to Cochran v. Paris, 11 Gratt. 348.
Mortgages, appended to Forkner v. Stuart, 6 Gratt. 197.
Sales.
I. CONSIDERED GENERALLY.
A.POSSESSION REMAINING WITH VENDOR.
1. General Rule. — Where there is an absolute sale of chattels, the purchase money paid, hills of sale executed, and the possession of the property retained by the vendor, it is prima facie fraudulent, hut the presumption may be rebutted bv proof. Davis v. Turner, 4 Gratt. 422, repudiating a contrary doctrine laid down in the earlier cases. See also, Kroesen v. Seevers, 5 Leigh 434; Forkner v. Stuart, 6 Gratt. 197. Compare Poling v. Flanagan, 41 W. Va. 191, 23 S. E. Rep. 685.
2. RULE Illustrated.
Vendor Taking Possession before Creditor’s Rights Attach. — But if an absolute bill of sale, fair in itself, be not accompanied by immediate possession, but possession is taken by the vendee before the rights of any creditor of the vendor attach, the sale is good against the vendor’s creditors. Poling v. Flanagan, 41 W. Va. 191, 23 S. E. Rep. 688. See Syd-nor v. Gee, 4 Leigh 535; McKinley v. Ensell, 2 Gratt. 333.
Chattel Hired Back to Vendor . — So, too, where an absolute bill of sale of slaves is executed by 15 to C for a valuable consideration, and the slaves are delivered by the vendor to the vendee; and then the vendee hires the slaves to the vendor, for their victuals and clothes, taxes and levies, till the end of the ensuing year; the sale and the hiring are both bona fide transactions; at the end of the year, the vendee takes possession of the slaves, holds them for several years, and then dies; a creditor of the vendor recovers judgment against him, after the vendee has taken possession of the slaves and levies his execution on them in the hands of the vendee’s executor. In a controversy between the creditor of the vendor and the executor of the vendee, it was held, that the slaves are the property of the vendee's estate, and not subject to execution at the suit of such creditor of the vendor. Sydnor v. Gee, 4 Leigh 535.
Executor Retaining Possession. — But an absolute bill of sale of slaves by an executor who Is, nevertheless, permitted to retain possession thereof is fraudulent and void as to legatees, as well as creditors and purchasers. Robertson v. Ewell. B Munf. 1.
Retained by Mortgagor, after Absolute Sale to Mortgagee. — And where a slave has been mortgaged, and afterwards sold absolutely to the mortgagee, but the bill of sale has not been recorded and possession has been permitted to remain with the vendor, such sale is fraudulent as against a subsequent purchaser, and equity will entertain such purchaser to recover the .slave against the fraudulent vendee who had clandestinely obtained possession of him; nor can such fraudulent vendee prevent a recovery by showing that the plaintiff did not take possession at the instant of the purchase, as such omission cannot make good the fraudulent sale. Glasscock v. Batton, 6 Rand. 78.
B. CHATTEL XN POSSESSION OF THIRD PERSON.
Rule That Possession Must Accompany Sale. — It is a general rule that an absolute sale of chattels not accompanied and followed by transfer of possession to the vendee is per se fraudulent and void as against creditors of the vendor; and though there are exceptions to the rule, yet it is no ground of exception that the possession at the time of the sale was in a third person, if, notwithstanding such possession, the vendor had a right, and it was in his power, to take the possession and deliver it to the vendee. Mason v. Bond, 9 Leigh 181.
Exception to Rule. — So, an absolute bill of sale, made in March, of a slave hired to a third person for the year; at the end of the year, the vendee applies to the bailee to deliver him the slave, and the bailee tells him he may have possession, yet the vendee does not take actual possession, but leaves the property in the hands of the bailee. The failure to deliver the slave to the vendee at the date of the bill of sale having been caused by the existing bailment to a third person, and the bailee after the expiration of the bailment becoming in effect bailee of the vendee,’ so that his possession was the vendee's, or at least not the vendor’s, the bill of sale is good against the creditors of the vendor. Kroesen v. Seevers, 5 Leigh 434. See Davis v. Turner, 4 Gratt. 422.
C. VENDOR RETAINING TITLE . — Where the vendor of goods, by an unrecorded bill of sale, delivers possession, but retains title until the price is paid, such sale is void as to creditors and purchasers without notice from such vendee. Hash v. Lore, 88 Va. 716, 14 S. E. Rep. 365.
D. WHEN TREATED AS A MORTGAGE.
As between Parties. — An instrument appearing on its face to be an absolute bill of sale is admitted to have been intended only as a security for the sum of money therein mentioned, as the price of the property granted, will be treated and enforced a.s a mortgage. Gold v. Marshall, 76 Va. 668. See Dabney v. Green, 4 Hen. & M. 101; Ross v. Norvell, 1 Wash. 14; Poling v. Flanagan, 41 W. Va. 191, 23 S. E. Rep. 688; Bird v. Wilkinson, 4 Leigh 266.
As to Subsequent Fair Purchasers. — L. executed a bill of sale of a slave to B. which, though absolute on its face, was, in fact, intended as a mortgage; the bill of sale, though intended as a mortgage, was never recorded, and possession of the slave was never delivered to, or acquired by, the vendee, and could not be at the time the deed was executed, the slave being then a runaway; but the vendor after-wards got possession of him, without the knowledge or consent of the vendee, and then sold him to C.. a fair purchaser, for valuable consideration, without notice of the previous bill of sale to B.; held, that *688 the hill of sale from L. to B. must he taken for what it was intended to be, a mortgage, which was void as against the subsequent fair purchaser, because it was not recorded. Bird v. Wilkinson, 4 Leigh 266. See Poling v. Flanagan, 41 W. Va. 191, 23 S. E. Rep. 688.
II. RECORDATION.
where the courts held an absolute bill of sale to be a mortgage, intended only as a security for a debt, there is a right to record it as a mortgage, 'and its record is notice to creditors and purchasers. Poling v. Flanagan, 41 W. Va. 191, 23 S. E. Rep. 687. See Bird v. Wilkinson, 4 Leigh 266.
But a mere bill of sale is not required to be recorded, and. if recorded, is not constructive notice. Poling v. Flanagan, 41 W. Va. 191, 23 S. E. Rep. 687.
1«. EVIDENCE.
Evidence. Though Not Recorded. — A bill of sale of a slave should be permitted to go to the jury as evidence, though not recorded. Fowler v. Lee, 4 Munf. 373.
Where Bill of Sale Is Lost. — But a bill of sale of personal property need not be shown in evidence by persons claiming under the grantee, in a controversy between them and the grantor, or those claiming under him; for they may prove, by any other legal evidence, a title in the person under whom they claim, and such grantee, or his representatives, may prove their title by other evidence than the bill of sale, unless it be alleged that such bill of sale contains other matter than the mere transfer of property (and of which the grantor, or those claiming under him, might avail themselves), and notice be given to produce it; butin neither case can the substance or contents of the bill of sale be given in evidence, without due affidavit by the party, or other satisfactory proof, of its loss, or that it is not in the power of the party so offering the evidence. Givens v. Manns, 6 Munf. 191.
Declarations of Defendant. — And where a defendant produces a bill of sale to support his title to a chattel, the plaintiff may prove parol declarations of the defendant, disclaiming title under the bill of sale after he had notice of the plaintiff’s purchase, and before he had perfected his own title by obtaining possession. Fowler v. Lee, 4 Munf. 373.
Parol Evidence to Prove Instrument a Mortgage.— Parol evidence may be admitted to prove that an absolute bill of sale was intended to operate as a mortgage. It cannot be laid down as a general rule that parol proof to contradict a bill of sale is not to be admitted in any case or that it is to be admitted in all cases. Ross v. Norvell, 1 Wash. 14.

For sequel of principal case, see Manns v. Givens, 7 Leigh 689, 690, 698.